In the Matter of the Claim of FRANCES SCHERBNER, Respondent, v. MASMIL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board, filed May 16, 1969, which found that claimant was exposed to carbon tetrachloride in her work activity and that this caused atrophy of the optic nerves resulting in blindness. Claimant, a clerk in a dry cleaning establishment for two years, testified that among her duties was the "pre-spotting" of clothing, that from April to June of 1965 she performed this detail of her work four to six hours daily, that thereafter and until December this task was done from one to two hours per day, that the solvent used was carbon tetrachloride, that when applying it she would bend over the material being rubbed and that a rag wet with the excess of the liquid, which had been applied, was kept nearby. Although never previously the victim of eye trouble, on December 2, 1965, while attending a customer, she experienced a visual blackout and two days later was hospitalized and found to be totally blind. Her condition was diagnosed as "Bi-lateral total optic atrophy secondary to optic neuritis arising as a result of toxicity due to exposure to noxious vapors from cleaning fluids". One medical specialist testified that he would accept carbon tetrachloride as a possible cause for her blindness (cf. *Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414; *Turner* v. *City of Newburgh,* 109 N. Y. 301, 308; *McGrath* v. *Irving,* 24 A D 2d 236, 238). Another stated that there are medical references that carbon tetrachloride has produced optic atrophy and that it is recognized that an overexposure to same could have a toxic effect upon the optic nerves. Although there is testimony indicating the non-exposure to carbon tetrachloride, questions of credibility are strictly within the province of the board (*Matter of Hinds* v. *Western Union Tel. Co.,* 33 A D 2d 583, 584; *Matter of Wood* v. *Colonial Tavern & Rest.,* 22 A D 2d 984, mot. for lv. to app. den. 15 N Y 2d 486) and the mere fact that claimant's version is supported by her own testimony does not prevent that proof from being credited as substantial evidence in support of the board's decision (*Matter of Heller* v. *Moskowitz & Lupowitz,* 28 A D 2d 581). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.

 In the Matter of JOHN M. HALLORAN, Petitioner, v. WILLIAM E. KIRWAN, JR., as Superintendent of State Police, Respondent.— REYNOLDS, J. Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of State Police dismissing the petitioner from the State Police. The determination that petitioner was guilty of the theft of cheese from a grocery store on April 16, 1969 is supported by substantial evidence and must therefore be sustained (*Matter of McGrath* v. *Kirwan,* 32 A D 2d 700). Nor considering petitioner's special position as a police officer do we find his dismissal to be unjustified (*Matter of Hess* v. *Town of Vestal,* 30 A D 2d 599). Finally, it is readily evident that the apparently inadvertent violation in an investigation interview of certain rules and procedures which had become effective just 18 days prior to the interview as part of a collective bargaining agreement between the State of New York and the Police Benevolent Association in no way prejudiced the petitioner and thus cannot form the basis here for annulment. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Reynolds, J.